J-S05011-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
:                      PENNSYLVANIA
:
v. :
:
:
:
DAVID ALLEN BRACCO :
:
Appellant : No. 699 WDA 2023

Appeal from the PCRA Order Entered June 2, 2023
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0001985-2019

BEFORE: PANELLA, P.J.E., KING, J., and BENDER, P.J.E.

MEMORANDUM BY PANELLA, P.J.E.: **FILED: MAY 1, 2024**

David Allen Bracco appeals from the order entered by the Erie County

Court of Common Pleas on June 2, 2023, denying his petition filed pursuant

to the Post Conviction Relief Act ("PCRA"), 42 Pa. C.S.A. §§ 9541-9546, after

a hearing. For the reasons discussed below, we find the PCRA court properly

denied Bracco relief and affirm.

We previously summarized the factual and procedural history on direct

appeal as follows:

> On August 16, 2019, the Commonwealth charged [Bracco] with
> multiple offenses arising from a two-day crime spree, from June
> 6 - 7, 2019, which ended with [Bracco]'s apprehension and arrest.
> [Bracco] was immediately incarcerated in the Erie County Prison.
> On October 9, 2019, [Bracco] filed a motion for a psychiatric
> evaluation of competency and mental state, which the trial court
> granted and ordered to be completed within 45-days. However,
> [Bracco] never followed through with the evaluation and the trial
> court listed the case for trial during the February 2020 term.

On January 29, 2020, [Bracco] filed a motion for continuance, requesting additional time to negotiate a plea agreement, or, if no agreement could be reached, prepare for trial. The trial court granted the motion and relisted [Bracco]'s case for the April 2020 term. However, the advent of the COVID-19 pandemic caused [Bracco]'s trial to be postponed.

On June 26, 2020, [Bracco] filed a second motion for psychiatric evaluation of competency. The trial court granted the motion and directed the evaluator to complete the report within 60 days. On August 3, 2020, the evaluating psychiatrist deemed [Bracco] competent to stand trial.

On September 21, 2020, [Bracco] filed a motion for release on nominal bond. …

On October 12, 2020, the parties appeared for jury selection, and the trial court dismissed [Bracco]'s motion for release on nominal bond as moot.

*Commonwealth v. Bracco*, 226 WDA 2021, at *1-2 (Pa. Super. filed December 3, 2021) (unpublished memorandum).

On October 14, 2020, following a jury trial, Bracco was convicted of two counts of criminal trespass and one count each of robbery of a motor vehicle, theft by unlawful taking, criminal mischief, robbery, simple assault, recklessly endangering another person, unauthorized use of automobiles or other vehicles, accidents involving damage to attended vehicle or property, and several related summary offenses.

On January 20, 2021, Bracco was sentenced to an aggregate term of 105 to 210 months' incarceration,[1] with credit for time served. Bracco filed a motion to amend credit for time served, seeking additional credit for time served from the date of his arrest to the date of his preliminary hearing. The trial court granted Bracco's motion.

Bracco filed a timely notice of appeal to this Court and we affirmed the judgment of sentence. *See Commonwealth v. Bracco*, 226 WDA 2021 (Pa. Super. filed December 3, 2021) (unpublished memorandum). The Pennsylvania Supreme Court subsequently denied allowance of appeal.

On September 12, 2022, Bracco filed a timely *pro se* PCRA petition. PCRA counsel was appointed who subsequently filed a petition to withdraw and a *Finley*[2] "no merit" letter. Bracco filed a motion to strike the petition to withdraw, including a request for the appointment of new counsel. In response, the PCRA court scheduled an evidentiary hearing. Prior to the evidentiary hearing, Bracco filed a motion for change of counsel. PCRA counsel thereafter filed another petition for leave to withdraw and for appointment of

---

[1] We note the calculation of Bracco's aggregate prison sentence differs in certain filings within the record. We took our calculation directly from the sentencing order. As none of Bracco's issues on appeal directly challenge the length of the sentence, we do not find that any discrepancy in the term length affects our review.

[2] *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

***Bradley***[3] counsel, due to Bracco's indication that he planned to raise claims of ineffective assistance of PCRA counsel. The court granted PCRA counsel leave to withdraw and appointed new counsel to represent Bracco at the evidentiary hearing.

On March 2, 2023, an evidentiary hearing was held. The trial court subsequently denied the PCRA petition. This timely appeal followed.

Bracco raises the following issues on appeal:

1. The trial court erred in failing to allow [] Bracco to represent himself when he requested in written correspondence that he be permitted to do so.

2. The trial court erred in failing to find that trial counsel was ineffective by admitting to the jury that [] Bracco accepted responsibility for some of the crimes for which he was charged.

3. Original trial counsel erred in failing to file a motion to include a diminished capacity defense which would have thereby allowed second trial counsel to argue against the Commonwealth's Motion in Limine.

4. The trial court erred in failing to find that trial counsel was ineffective in failing to raise or present mitigating issues at the time of sentencing.

Appellant's Brief, at 2.

"Our standard of review for issues arising from the denial of PCRA relief is well-settled. We must determine whether the PCRA court's ruling is supported by the record and free of legal error." ***Commonwealth v. Presley***, 193 A.3d 436, 442 (Pa. Super. 2018) (citation omitted). To be eligible for

---

[3] ***Commonwealth v. Bradley***, 261 A.3d 381 (Pa. 2021).

relief pursuant to the PCRA, Bracco must establish, *inter alia*, his conviction or sentence resulted from one or more of the enumerated errors or defects found in 42 Pa.C.S.A. § 9543(a)(2). **See** 42 Pa.C.S.A. § 9543(a)(2). He must also establish the issues raised in the PCRA petition have not been previously litigated or waived. **See** 42 Pa.C.S.A. § 9543(a)(3). An allegation of error "is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding." 42 Pa.C.S.A. § 9544(b).

Preliminarily, Bracco's claim of trial court error in failing to allow Bracco to represent himself is waived because he could have raised it on direct appeal but failed to do so. **See** 42 Pa.C.S.A. § 9543(a)(3) (petitioner must plead and prove that allegation of error has not been waived); 42 Pa.C.S. § 9544(b) ("an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial [or] on appeal[.]").

We note, even if not waived, this claim would be without merit. As our Supreme Court has held: "[i]t is well established that a defendant can waive the right of self-representation after asserting it." **Commonwealth v. Bryant**, 855 A.2d 726, 737 (Pa. 2004); **see also id.** ("[o]nce asserted … the right to self-representation may be waived through conduct indicating that one is vacillating on the issue or has abandoned one's request together").

Bracco's trial counsel, Attorney Nathaniel Strasser, clarified at the evidentiary hearing that he was Bracco's second trial counsel. **See** N.T.,

Evidentiary Hearing, 3/2/23, at 6. Attorney Strasser took over representation of Bracco around February or March of 2020 when Bracco's initial counsel left the public defender's office. *See id*. Attorney Strasser did not meet with Bracco until May of 2020 due to a pending competency evaluation and reasons having to do with the COVID-19 pandemic. *See id*. at 8.

Attorney Strasser testified that Bracco did not express a desire for him to withdraw or to proceed *pro se* during any of his visits with Bracco, which he estimated to be around twenty visits. *See id*. at 9. Attorney Strasser stated that any issues with Bracco wanting to proceed *pro se* occurred prior to his representation. *See id*. Attorney Strasser acknowledged that when he took over representation of Bracco, he was aware of letters that Bracco had previously filed requesting to represent himself *pro se*. *See id*. at 20. However, after meeting with Bracco and spending a lot of time with him, Bracco wanted Attorney Strasser as his attorney. *See id*. Attorney Strasser stated that he and Bracco had a good relationship. *See id*. at 9-10.

Bracco admitted that he did not ask Attorney Strasser about representing himself. *See id*. at 25, 36. Bracco indicated that any problems he had were with prior counsel and that he "had already exhausted [him]self as far as trying to represent [him]self" by the time Attorney Strausser was appointed. *See id*. at 26.

Because Bracco abandoned his attempt to proceed *pro se* and chose to proceed with Attorney Strasser, his claim is without merit.

All three of Bracco's remaining claims raise allegations of ineffectiveness of counsel. As such, he was required to plead and prove:

> ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place … Appellant must demonstrate: (1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different.

*Commonwealth v. Johnson*, 868 A.2d 1278, 1281 (Pa. Super. 2005) (citations omitted).

Moreover, "[w]e presume counsel is effective and place upon Appellant the burden of proving otherwise." *Commonwealth v. Springer*, 961 A.2d 1262, 1267-1268 (Pa. Super. 2008) (citation omitted). This Court will grant relief only if an appellant satisfies each of the three prongs necessary to prove counsel ineffective. *See Commonwealth v. Natividad*, 938 A.2d 310, 321-22 (Pa. 2007) (citation omitted). Thus, we may deny any ineffectiveness claim if "the petitioner's evidence fails to meet a single one of these prongs." *Id*. at 321 (citation omitted).

First, Bracco claims trial counsel was ineffective for admitting to the jury that Bracco accepted responsibility for some of the crimes for which he was charged. Bracco relies on *McCoy v. Louisiana*, 138 S.Ct. 1500 (2018), for the proposition that trial counsel may not admit a defendant's guilt as a trial strategy. However, Bracco misconstrues the holding from *McCoy*.

As the trial court correctly points out, **McCoy** is not so broad as to stand for the proposition that admission of guilt can never be utilized as part of a trial strategy. Rather, **McCoy** holds that trial counsel may not admit the defendant's guilt as a trial strategy when the defendant has expressly indicated his objections and or disagreement with that strategy. **See id**. at 1509.

> In opening statements, Attorney Strasser stated generally as follows:
>
> Give [Bracco] his day in court. Allow him to present his side of the case. If you do that, ladies and gentlemen, maybe you will find him guilty of some of the charges. Maybe you will find him not guilty of some other charges.

N.T., Jury Trial Day 1, 10/13/20, at 28. During closing argument, Attorney Strasser stated more specifically that Bracco was willing to accept responsibility for some of the offenses, including both counts of trespass, robbery, theft, and accidents involving damage. **See** N.T., Jury Trial Day 2, 10/14/20, at 111-12, 122. However, Attorney Strasser was clear that they were disputing any charges that involved the element of intent. **See id**. at 113; 118 ("He is telling you to find him guilty of major serious crimes, but he can't take responsibility for his mental state that he did not have while he was committing these other crimes."). Attorney Strasser specifically asked the jury to find Bracco not guilty of aggravated assault, criminal mischief, simple assault, and terroristic threats. **See id**. at 122-23.

At the evidentiary hearing, Attorney Strasser stated that he and Bracco discussed trial strategies "extensively". **Id**. at 10. He stated Bracco did not

risk anything by going to trial because the plea offers were unsatisfactory. *See id*. He believed the trial strategy was successful because Bracco was found not guilty of the most serious crime, aggravated assault, "because he explained that he did it, but he didn't have the intent to do it, and the aggravated assault required that intent, and so that was a win." *Id*. Attorney Strasser discussed the trial strategy with Bracco, including the defense that even though it was clear he did some of the things he was accused of, he did not possess the requisite mens rea due to being intoxicated by a controlled substance. *See id*. at 11-12. Attorney Strasser testified that Bracco agreed to this strategy and that Bracco's testimony was consistent with this strategy. *See id*. at 13. Attorney Strasser believed the strategy was reasonable and ultimately successful. *See id*. at 14. Bracco never indicated that he was not happy with the above strategy, either pretrial or during trial. *See id*. at 15.

As the record does not indicate that Bracco ever indicated his objection and or disagreement with the trial strategy, we agree with the PCRA Court that counsel's testimony is credible and convincing, and therefore find this issue is without merit.

We find Bracco's next issue is waived, as it was not properly preserved. Upon review, it appears the issue raised on appeal differs from the issue Bracco raised in his PCRA petition.

On appeal, Bracco argues original trial counsel was ineffective for failing to file a motion to include a diminished capacity defense pursuant to

Pa.R.Crim.P 568. Specifically, Bracco argues this error resulted in Attorney Strasser being unable to argue against the Commonwealth's motion in limine, which the trial court granted, thereby excluding Bracco's mental health issues from trial.

However, in his PCRA petition, Bracco argued that the trial court's "gag order violates [Bracco's] Constitutional Rights to Free Speech." PCRA Petition, 9/12/22, at 5. Later in the petition, he expanded on this argument by asserting the court "violated his constitutional right of free speech when he wanted to speak on his state of well being as well as his state of mind", and claimed that "[h]ad [he] had a chance to speak on [h]is mental health and the state of mind he could have changed the outcome of trial." *Id*. at 12.

Confusion over this claim is shown by its reference during the evidentiary hearing, as well as the trial court's attempt to address it in the trial court opinion. At the evidentiary hearing, Attorney Strasser was asked about Bracco's reference to a gag order in the following exchange:

Q. Okay. The defendant makes reference to some sort of gag order. Are you familiar with that at all? Did you or anyone to your knowledge issue any sort of gag order on the petitioner?

A. No.

N.T., Evidentiary Hearing, 3/2/23, at 16. Other than briefly stating a "gag order" was in the trial transcripts and that he "was not to mention anything that had a scientific name as far as, like, experiencing paranoia and stuff like

- 10 -

that", *id*. at 31, Bracco did not provide any support for this argument or clarify what he was attempting to argue.

In its opinion, the trial court attempts to "guess" to what Bracco is referring. Trial Court Opinion, 6/2/23, at 6; ***see also id***. at 7 (court concluding Bracco is not entitled to relief on this issue because no gag order existed, or for the reasons set forth in the court's "interpretation" of the claim if that interpretation were correct).

The claim as stated in the PCRA petition is a proper post-conviction contention framed as a claim of trial court error. On appeal, Bracco attempts to present a similar, but different, argument in terms of ineffective assistance of counsel for failing to file a motion to include a diminished capacity defense. He does so without any reference to an alleged "gag order" or any constitutional concerns. As this issue was not properly preserved before the PCRA court, we find it waived.

Finally, Bracco claims trial counsel was ineffective for failing to raise or present mitigating issues at the time of sentencing.

In his PCRA petition, Bracco only generically claimed "trial counsel took no time to develop any mitigating factors to assist in his trial and Sentencing hearing. Counsel should have taken the time with defendant to find these factors but neglected the fact." PCRA Petition, 9/12/22, at 13.

When asked at the evidentiary hearing to explain what mitigating factors he thought Attorney Strasser failed to bring up, Bracco stated as follows:

> I would have liked to have heard the fact that Mr. Bracco got out, maxed a 21-year sentence in 2010 and that he worked starting with minimum wage, worked his way up to where he became an electrician, and he was out for nine years before he ever got into anymore trouble or anything like that and that he paid his taxes, and I realize people out there do that every day, day in and day out, and I'm just saying that the hills that I overcame, the bars that I overcame, and the end, well, yeah, the end turned out bad. You know, I at least showed that I had some rehabilitative possibilities.

*Id*. at 31.

Bracco's claims that Attorney Strausser failed to develop any mitigating factors at sentencing is belied by the record. At the sentencing hearing, Attorney Strausser specifically implored the court "to show some leniency, some mitigation as well." N.T., Sentencing Hearing, 1/20/22, at 12. Attorney Strausser asked the court to consider mitigation or "giving Mr. Bracco a break" based on the competency evaluation that was completed which found that Bracco had been in a drug induced paranoia at the time of the incident in question. *See id*. at 12-13. Attorney Strausser also asked the court to consider that Bracco accepted responsibility for the charges he was to be sentenced on. *See id*. at 13.

Attorney Strausser also discussed Bracco's previous lengthy state sentence and indicated that Bracco did not reoffend after getting out of jail. *See id*. at 16. Attorney Strausser made it clear that Bracco "spent a large period of time away from the criminal justice system" and got a job and went to school. *Id*. Attorney Strausser labeled Bracco as a "hard worker" and "somebody that can stay out of trouble." *Id*. Attorney Strausser concluded his

request for mitigation by re-asserting his belief that Bracco is a "hard worker, he's somebody that takes responsibilities for himself" and that these crimes resulted from his drug usage. *Id*. at 21.

Bracco also had the opportunity to speak on his own behalf. In speaking to the court, Bracco offered an apology to the court and the victims. Notably, Bracco did not make any of the specific points he claimed Attorney Strausser should have brought up. It would appear this is because Attorney Strausser did in fact speak to those points. Accordingly, Bracco's final claim is without merit.

As all of Bracco's claims are either waived or without merit, we conclude the trial court did not err in dismissing Bracco's PCRA petition. We therefore affirm the order dismissing Bracco's PCRA petition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

FILED: 5/1/2024